1  DANIEL J. BERGESON, Bar No. 105439
   HWAY-LING HSU, Bar No. 196178
2  BERGESON, LLP
   303 Almaden Boulevard, Suite 500
3  San Jose, CA 95110-2712
   Telephone: (408) 291-6200
4  Facsimile:  (408) 297-6000

5  LAURA A. CORUZZI (Admitted *pro hac vice*)
   RICHARD H. AN (Admitted *pro hac vice*)
6  JONES DAY
   222 East 41st Street
7  New York, New York 10017
   Telephone: (212) 326-3939
8  Facsimile:  (212) 755-7306

9  JAMES W. DABNEY
   STEPHEN S. RABINOWITZ
10 FRIED, FRANK, HARRIS,
   SHRIVER & JACOBSON LLP
11 One New York Plaza
   New York, New York 10004
12 Telephone: (212) 859-8000
   Facsimile:  (212) 859-4000
13

14 Attorneys for Plaintiff
   HERBALIFE INTERNATIONAL, INC.
15

16                UNITED STATES DISTRICT COURT

17                NORTHERN DISTRICT OF CALIFORNIA

18                      (SAN JOSE DIVISION)

19

| HERBALIFE INTERNATIONAL, INC., | Case No. C03-05878 JW |
|---|---|
| Plaintiff, | (Related Cases: C02-05284 JW; C03-00415 JW; C03-05090 JW) |
| v. | **HERBALIFE'S FIRST AMENDED COMPLAINT** |
| UNITHER PHARMA, INC., THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY, and NEW YORK MEDICAL COLLEGE. | |
| Defendants. | Honorable James Ware |

Plaintiff Herbalife International, Inc., by its attorneys, for its First Amended Complaint in this action alleges:

## PARTIES AND JURISDICTION

1. Plaintiff Herbalife International, Inc. ("Herbalife") is a Nevada corporation with its principal place of business at 1800 Century Park East, Los Angeles, California.

2. On information and belief, defendant Unither Pharma, Inc. ("Unither") is a Delaware corporation with its principal place of business at 1110 Spring Street, Silver Spring, Maryland.

3. On information and belief, defendant the Board of Trustees of the Leland Stanford Junior University ("Stanford") is a body having corporate powers under the laws of the state of California, with a location in Stanford, California.

4. On information and belief, defendant New York Medical College ("NYMC") is a is a body having corporate powers under the laws of the state of New York, with a location in Valhalla, New York.

5. This action arises under the Patent Act of 1952, 35 U.S.C. §§ 101 et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

6. This Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

## CLAIM FOR RELIEF

(Declaratory Relief Against All Defendants)

7. Herbalife manufactures and sells a dietary supplement comprising L-arginine, in combination with L-citrulline and other ingredients, under the trademark NITEWORKS.

8. On or about July 25, 2003, defendant Unither sent Herbalife a certified letter dated July 25, 2003 (the "July 25 Letter"), enclosing copies of U.S. Patent No. 5,217,997 issued June 8, 1993 (the "'997 Patent"), U.S. Patent No. 5,428,070, issued on June 27, 1995 (the "'070 Patent"), U.S. Patent No. 5,891,459, issued on April 6, 1999 (the "'459 Patent"), and U.S. Patent No. 6,117,872, issued on September 12, 2000 (the "'872 Patent").

9. On information and belief, NYMC is the assignee of the '997 Patent.

10. On information and belief, Stanford is the assignee of the '070, '459, and '872 Patents.

11. On information and belief, Unither is the exclusive licensee of the '997, '070, '459 and '872 Patents.

12. In the July 25 Letter to Herbalife, Unither asserted that "Herbalife should be interested in Unither Pharma's standard Patent License if it intends to continue selling and promoting its L-arginine-based products".

13. In its July 25 Letter to Herbalife, Unither further asserted that it had previously sued Real Health Laboratories, Inc. for infringement of the '997, '070, '459 and '872 Patents.

14. In its July 25 Letter to Herbalife, Unither proposed licensing terms that strongly implied an intent on Unither's part to sue Herbalife for infringement in similar fashion. In the field of dietary supplement manufacture and distribution, no rational person in the position of Unither could propose license terms resembling those proposed in Unither's July 25 Letter to Herbalife and not have intention to sue for patent infringement if those terms were rejected.

15. As a result of the July 25 Letter and Unither's past litigation activities against third parties, Herbalife has a reasonable apprehension of suit for infringement of the '997, '070, '459 and '872 Patents by Unither.

16. Herbalife is entitled to judgment declaring that it has not infringed any valid or enforceable claim of the '997, '070, '459 and '872 Patents.

//
//
//
//
//
//
//

1  **WHEREFORE** Herbalife prays that the Court:

2  A.  Declare, adjudge and decree that Herbalife does not infringe and has not infringed any valid or enforceable claim of the '997 Patent, the '070 Patent, the '459 Patent, or the '872 Patent and is not liable to defendants for infringement of the '997 Patent, the '070 Patent, the '459 Patent or the '872 Patent; and

6  B.  Grant such other and further relief as the court may deem just and proper.

Dated: July 14, 2004                                   BERGESON, LLP


                                                       By:    s/s
                                                              Hway-ling Hsu

                                                       Attorneys for Plaintiff
                                                       HERBALIFE INTERNATIONAL, INC.

                                                       JONES DAY
                                                           Laura A. Coruzzi (Admitted *pro hac vice*)
                                                           Richard H. An (Admitted *pro hac vice*)

                                                       FRIED, FRANK, HARRIS, SHRIVER &
                                                       JACOBSON LLP
                                                           James W. Dabney
                                                           Stephen S. Rabinowitz

3