*E-FILED ON 5/24/06*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITHER PHARMA, INC., THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY, and NEW YORK MEDICAL COLLEGE,<br><br>    Plaintiffs,<br>v.<br><br>HERBALIFE INTERNATIONAL, INC.,<br><br>    Defendants.<br>_____/ | No. C03-05090 JW (HRL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART HERBALIFE'S MOTION FOR PROTECTIVE ORDER**<br><br>**[Re: Docket No. 86]** |
| HERBALIFE INTERNATIONAL, INC.,<br><br>    Plaintiff,<br>v.<br><br>UNITHER PHARMA, INC., THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY, and NEW YORK MEDICAL COLLEGE,<br><br>    Defendants.<br>_____/ | No. C03-05878 JW (HRL)<br><br>**[Re:  Docket No. 77]** |

    These are two related patent actions[1] which involve five patents. Unither Pharma, Inc. says that it is the exclusive licensee of the patents-in-suit, that Stanford University is an

---

[1] The instant lawsuits are also related to *Unither Pharma, et al. v. The Daily Wellness Company* (C02-05284 JW) and *Unither Pharma, et al. v. Advanced Nutritional Biosystems, Inc.* (C03-00415 JW). However, Herbalife's motion for protective order concerns only the above-captioned actions to which Herbalife is a party.

1  assignee of four of the patents-in-suit, and that New York Medical College is the assignee on
2  the remaining patent-in-suit.[2] Herbalife International, Inc. ("Herbalife") says that it develops
3  and distributes health-oriented products. Unither Pharma claims that Herbalife infringes the
4  asserted patents by making and selling products under the following trade names:  Niteworks,
5  Prelox Blue, Woman's Advantage and Optimum Performance.

6  On May 23, 2006, this court heard Herbalife's motion for protective order as to Topic
7  Nos. 22, 24 and 25 listed in Unither Pharma's Fed.R.Civ.P. 30(b)(6) notice for Herbalife's
8  deposition.[3] Unither Pharma opposed the motion. Upon consideration of the papers filed by the
9  parties, as well as the arguments of counsel, this court issues the following order:

10  1.  Herbalife's motion as to Topic No. 24 ("The collection and production of
11  documents in response to Plaintiffs' Requests for Production of Documents and Things in Case
12  Nos. CV 03-05090 JW and CV 03-05878 JW") and Topic No. 25 ("The identity, location,
13  custody, and control of all documents that concern topics 1 through 24 listed in the Notice of
14  Deposition of Herbalife International, Inc. pursuant to F.R.C.P. 30(b)(6) . ..") is DENIED as
15  MOOT. At the motion hearing, the parties advised that they have resolved their dispute as to
16  these topics.

17  2.  The only remaining dispute concerns Topic No. 22, which seeks testimony about
18  "[a]ll communications between Herbalife and any third party concerning the Accused Products
19  and/or patents-in-suit." During the motion hearing, Unither Pharma agreed to narrow this topic;
20  and, at the parties' request, the court went into recess, during which time the parties met-and-
21  conferred over Unither Pharma's proposed limitation. Following their conference, the parties

---

[2]  The court will refer to Unither Pharma, Inc. and its co-parties collectively as "Unither Pharma."

[3]  Unither Pharma served its original Fed.R.Civ.P. 30(b)(6) deposition notice on April 29, 2004, seeking testimony on 25 different topics. (*See* Rabinowitz Decl., Ex. 1). Unither Pharma served its supplemental Fed.R.Civ.P. 30(b)(6) deposition notices on April 25, 2006. These notices contained the same topics as those in the original April 29, 2004 notices, except that the topics were divided between the supplemental notices for testimony over two separate days. (*See* Rabinowitz Decl., Exs. 2 and 3). In their briefing, the parties refer to the disputed topics as they were numbered in Unither Pharma's original April 29, 2004 deposition notice. For convenience, this court will do the same.

2

1  advised that they were unable to resolve their differences. Thus, the court now GRANTS IN
2  PART and DENIES IN PART Herbalife's motion as to this topic as follows:

3  As noted at the hearing, this court is unpersuaded that Herbalife should be entirely
4  excused from its obligation to produce any witness(es) to testify about Topic No. 22 insofar as it
5  focuses on communications about the "Accused Products" and the "patents-in-suit" – matters
6  which are indisputably relevant in this litigation. Nevertheless, in oral argument, Unither
7  Pharma clarified that it seeks testimony pertaining to Herbalife's communications about the
8  properties, uses, purposes or efficacies of the Accused Products or the patents-in-suit. Thus, as
9  drafted, Topic No. 22 is overbroad in that it would require Herbalife to prepare witness(es) to
10 testify about matters beyond these areas specified by Unither Pharma.

11 Accordingly, Topic No. 22 shall be limited to "all communications between Herbalife
12 and any third party concerning the properties, uses, purposes or efficacies of the Accused
13 Products or about the patents-in-suit." Herbalife apparently does not dispute the relevance of
14 Topic No. 22 (as narrowed), but objects to preparing for its deposition on "all communications"
15 because it may be required to locate former employees. It requests that the court limit its
16 Fed.R.Civ.P. 30(b)(6) obligations to its current employees. The court declines to do so. Here,
17 Unither Pharma indicated that two of the Accused Products are no longer being sold. Although
18 Herbalife may no longer employ person(s) knowledgeable about the designated matter, it is still
19 obliged to make a good faith effort to prepare its designee(s) to testify at deposition based upon
20 information that is reasonably available to it. *See United States v. Taylor*, 166 F.R.D. 356, 361
21 (M.D.N.C. 1996) ("where a corporation indicates that it no longer employs individuals who
22 have memory of a distant event . . . [t]hese problems do not relieve a corporation from preparing
23 its Rule 30(b)(6) designee to the extent matters are reasonably available, whether from
24 documents, past employees, or other sources.").

25 IT IS SO ORDERED.
26 Dated: May 24, 2006

27
28                                                       _____
                                                         HOWARD R. LLOYD
                                                         UNITED STATES MAGISTRATE JUDGE

3

1  **5:03-cv-5090 Notice will be electronically mailed to**:

2  Richard H. An rhan@jonesday.com

3  Daniel J. Bergeson dbergeson@be-law.com, abarnes@be-law.com

4  Karen I. Boyd boyd@fr.com, lopez@fr.com

5  Juanita R. Brooks brooks@fr.com, njohnson@fr.com

6  James W. Dabney dabnejam@ffhsj.com,

7  Dina Grinshpun grinshpun@fr.com,

8  Hway-Ling Hsu hhsu@be-law.com, gsimmons@be-law.com

9  Stephen S. Rabinowitz rabinst@ffhsj.com, dabnejam@ffhsj.com; palmeda@ffhsj.com;

10 distran@ffhsj.com; nymanattdept@ffhsj.com; millesc@ffhsj.com; eisenra@ffhsj.com

11 Stephen Dane Rockwell srockwell@be-law.com

12 Limin Zheng zheng@fr.com, horsley@fr.com

13

14 **5:03-cv-5878 Notice will be electronically mailed to**:

15 Richard H. An rhan@jonesday.com

16 Daniel J. Bergeson dbergeson@be-law.com, abarnes@be-law.com

17 Karen I. Boyd boyd@fr.com, lopez@fr.com

18 Juanita R. Brooks brooks@fr.com, njohnson@fr.com

19 James W. Dabney dabnejam@ffhsj.com,

20 Dina Grinshpun grinshpun@fr.com,

21 Hway-Ling Hsu hhsu@be-law.com, gsimmons@be-law.com

22 Stephen S. Rabinowitz rabinst@ffhsj.com, dabnejam@ffhsj.com; palmeda@ffhsj.com;

23 distran@ffhsj.com; nymanattdept@ffhsj.com; millesc@ffhsj.com; eisenra@ffhsj.com

24 Limin Zheng zheng@fr.com, horsley@fr.com

25

26 **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.

27

28

4