United States District Court
For the Northern District of California

*E-FILED ON 6/28/06*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITHER PHARMA, INC., THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY and NEW YORK MEDICAL COLLEGE,<br><br>       Plaintiffs,<br>   v.<br><br>HERBALIFE INTERNATIONAL, INC.,<br><br>       Defendant. | No. C03-05090 JW (HRL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**<br><br>**[Re: Docket No. 95]** |
| HERBALIFE INTERNATIONAL, INC.,<br><br>       Plaintiffs,<br>   v.<br><br>UNITHER PHARMA, INC., THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY and NEW YORK MEDICAL COLLEGE,<br><br>       Defendant. | No. C03-05878 JW (HRL)<br><br>**[Re:  Docket No. 89]** |

Unither Pharma, Inc. ("Unither"), The Board of Trustees of the Leland Stanford Junior University ("Stanford") and New York Medical College ("NYMC") (collectively, "plaintiffs") moved for a protective order as to certain topics of examination in Fed.R.Civ.P. 30(b)(6) deposition notices served by Herbalife International, Inc. ("Herbalife"). Herbalife opposed the

motion. Having considered the papers filed by the parties, as well as the arguments presented at the June 27, 2006 hearing, the court GRANTS the motion IN PART and DENIES the motion IN PART.

## I.  BACKGROUND

In these related patent actions,[1] plaintiffs claim that Herbalife infringes five patents (the "patents-in-suit")[2] by making and selling products under the following trade names: Niteworks, Prelox Blue, Woman's Advantage and Optimum Performance. Pursuant to Fed.R.Civ.P. 30(b)(6), Herbalife served notices for the deposition of each plaintiff. Several of the noticed topics of examination seek testimony as to each plaintiffs' contentions concerning infringement and damages. Certain other topics seek testimony from Unither and NYMC as to the prosecution, ownership and assignment of some of the patents-in-suit. Plaintiffs contend that these topics are premature, unduly burdensome and prejudicial. Further, they argue that these topics seek information as to which they have no institutional knowledge.

## II.  LEGAL STANDARD

Upon a showing of "good cause," Fed. R. Civ. P. 26(c) authorizes courts to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" in discovery by ordering "that the disclosure or discovery not be had" or "that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery." *See* FED.R.CIV.P. 26(c)(1), (3). The party seeking a protective order has the burden of showing that the protection is warranted under Fed. R. Civ. P. 26(c). It cannot meet its burden by relying upon conclusory statements; rather, it must make a "particular and specific need for the protective order." *Methode Elecs., Inc. v. Finisar Corp.*, 205 F.R.D. 552, 554 (N.D. Cal. 2001)

---

[1]  The instant lawsuits are also related to *Unither Pharma, et al. v. The Daily Wellness Company* (C02-05284 JW) and *Unither Pharma, et al. v. Advanced Nutritional Biosystems, Inc.* (C03-00415 JW). However, the instant motion pertains only to the above-captioned actions to which Herbalife is a party.

[2]  The patents-in-suit are U.S. Patent No. 5,217,997 (the "'997 patent"); U.S Patent No. 5,428,070 (the "'070 patent"); U.S. Patent No. 5,891,459 (the "'459 patent"); U.S. Patent No. 6,117,872 (the "'872 patent"); and U.S. Patent No. 6,646,006 (the "'006 patent").

(citing *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)).  Even where "good cause" is established, the court will balance the interests in allowing discovery against the relative burdens that would be imposed.

### III.  DISCUSSION

**A.     Topics re Plaintiffs' Contentions**

The disputed topics are Topic Nos. 5-9 to Stanford, Topic Nos. 8-12 to Unither and Topic No. 5 to NYMC.  These topics seek testimony about the bases for plaintiffs' contentions as to infringement (e.g., the composition and alleged infringing uses of Herbalife's accused products) and damages (i.e., the factual basis for plaintiffs' claimed lost profits).  (*See* Boyd Decl., Exs. A-C).  Plaintiffs argue that they should not be obliged to provide the requested discovery prematurely (i.e, before service of expert reports) or through lay witnesses in a Fed.R.Civ.P. 30(b)(6) deposition.  They also contend that these deposition topics are also unduly burdensome and prejudicial in that they improperly require fact witnesses to make legal and factual conclusions on ultimate issues in these complex patent actions.  Plaintiffs express concern that to the extent their designee(s) fail to recall all bases for plaintiffs' contentions, Herbalife will likely use the deposition transcripts to argue that the contentions are insufficiently supported.  They say that all the information Herbalife seeks will be disclosed in their experts' reports.  Herbalife maintains that the topics seek purely "percipient type" information and are therefore proper subjects for examination in plaintiffs' depositions.

This court is unpersuaded that Herbalife seeks purely "percipient type" information.  It is true that at least some of the disputed topics seek some factual information underlying plaintiffs' contentions.  For example, several topics include the number of units of the various accused products that have actually been used in a manner that infringes the methods claimed in several of the patents-in-suit.  (*See* Boyd Decl., Ex. A (Topic No. 8 to Unither); Ex. B (Topic No. 5 to Stanford); and Ex. C (Topic No. 5 to NYMC).  Additionally, Topic No. 9 to Stanford and Topic No. 12 to Unither seek the "factual basis" for their claimed lost profits.  (*See id*., Exs. A and B).  However, Herbalife also seeks testimony about plaintiffs' contentions as to the composition of the accused products and about what is and is not a precursor of nitric oxide,

3

and asks for an analysis of certain terms as they are used in the patents-in-suit. (*See id.*, Ex. A (Topic Nos. 9-11 to Unither); Ex. B (Topic Nos. 6-8 to Stanford)).

On the whole, and notwithstanding that some factual information may be encompassed by these topics, this court concludes that the requested contention discovery is not appropriately obtained through Fed.R.Civ.P. 30(b)(6) depositions. Here, *McCormick-Morgan, Inc. v. Teledyne Industries, Inc.*, 134 F.R.D. 275 (N.D. Cal.), *rev'd on other grounds*, 765 F. Supp. 611 (N.D. Cal. 1991), is persuasive. In complex patent actions, such as these, this court agrees that contention interrogatories will more fairly and efficiently yield the requested information. *See id.* at 287. Accordingly, plaintiffs' motion for a protective order prohibiting the use of Fed.R.Civ.P. 30(b)(6) depositions to obtain the bases for contentions is GRANTED.

Nevertheless, plaintiffs have not cited authority indicating that they may be relieved from providing the requested discovery altogether. Nor is it clear that the discovery sought by Herbalife will be mooted by plaintiffs' opening experts' reports, which the parties advise will be served on June 30, 2006. These cases have been pending for nearly three years, and fact discovery has closed. Herbalife says that it previously served contention interrogatories as to the same subjects, but received "meaningless" answers from plaintiffs (an assertion which plaintiffs dispute).

The sufficiency of plaintiffs' previous interrogatory answers are not before the court on the instant motion. It appears that the deposition topics in question encompass Herbalife's previously served Interrogatory Nos. 18-39, but also include some different or additional matter. Although plaintiffs believe that the facts sought by Herbalife are unnecessary to their infringement case, Herbalife is entitled to know what information plaintiffs do have in their possession, custody or control. Accordingly, the disputed deposition topics shall be deemed interrogatories, and plaintiffs shall provide their answers to those interrogatories – in full and forthcoming detail – within 10 days after service of plaintiffs' opening expert reports. This court is mindful of *McCormick-Morgan, Inc.*'s proscription against serving "stingy and self-serving" answers to interrogatories. *Id.* at 287. Although it declines to make recommendations as to what plaintiffs should or should not be permitted to present at trial, this court also assumes

1  that the trial court will be skeptical of any attempts by plaintiffs to introduce at trial any

2  evidence or argument as to matters which had not properly been disclosed in discovery.

**B.   Topics Re Patent Prosecution**

The disputed topics are Topic Nos. 1-6 to Unither and Topic No. 1 to NYMC.  Herbalife seeks testimony from Unither as to the prosecution of the '997, '459, '872 and '070 patents, as well as information about the ownership and assignment(s) of the '997 patent.  (*See* Boyd Decl., Ex. A).  Herbalife also seeks testimony from NYMC as to the prosecution of the '997 patent. (*See id.*, Ex. C).

Unither says that it has already produced a witness to testify about the '006 patent, as to which it does have institutional knowledge.  However, Unither and NYMC say that they were not involved in the prosecution of the other four patents-in-suit which are the subject of these disputed topics, and that they should therefore not be obliged to produce any witness(es) to testify about them.  Here, NYMC says that it did not obtain the rights to the '997 patent until five years after the patent issued.  It further asserts that the deposition testimony of all witnesses – including all of the named inventors, NYMC's licensing administrator for the relevant time period and the attorney who prosecuted the patent application – confirms that NYMC did not participate in the prosecution of that patent.  Similarly, Unither asserts that it did not learn about the subject patents until after they issued and that the disputed topics seek information from a period of time before NYMC licensed the patents to Cooke Pharma, which was later acquired by Unither.

Herbalife does not dispute that the discovery it has obtained indicates that Unither and NYMC did not participate in the prosecution of the subject patents.  Nevertheless, it says that it wishes to confirm, through Fed.R.Civ.P. 30(b)(6) depositions, that NYMC and Unither have no knowledge about the noticed topics.  Here, plaintiffs seem to disclaim any knowledge, but nevertheless want to leave open the possibility of introducing evidence or testimony on these subjects (e.g., via refreshed recollections) at trial, so long as they provide advance notice to Herbalife.  This court agrees that, as a matter of fairness, Herbalife should be able to test NYMC and Unither's professed lack of knowledge in deposition.  To the extent NYMC and

1  Unither have no institutional knowledge about the information (after good faith investigation of
2  information reasonably available to them), they presumably can say so at the deposition. The
3  motion as to Topic Nos. 1-2 and 5-6 to Unither and Topic No. 1 to NYMC is denied.
4      Plaintiffs' motion will also be denied as to Topic Nos. 3 and 4 to Unither which seek
5  testimony about "[t]he ownership of the '997 Patent and of the chain of applications from which
6  it issued" and "[a]ll assignments of, or attempts to assign, the '997 Patent or any of the chain of
7  applications from which it issued." (*See* Boyd Decl., Ex. A). Unither does not disclaim any
8  knowledge about these matters. Indeed, it discussed at least some aspects of the ownership and
9  assignment of the subject patents in its moving papers. It is obliged, under Fed.R.Civ.P.
10 30(b)(6), to make a good faith effort to prepare its designee(s) to testify at deposition based
11 upon information that is reasonably available to it.

### IV.  ORDER

Based on the foregoing, IT IS ORDERED THAT plaintiffs' motion for protective order is GRANTED IN PART AND DENIED IN PART as follows:

1. With respect to Topic Nos. 5-9 to Stanford, Topic Nos. 8-12 to Unither and Topic No. 5 to NYMC, plaintiffs' motion for a protective order prohibiting the use of Fed.R.Civ.P. 30(b)(6) depositions to obtain the bases for contentions is GRANTED. However, the disputed deposition topics shall be deemed interrogatories, and plaintiffs shall provide their full and complete answers to those interrogatories – in full and forthcoming detail – within 10 days after service of plaintiffs' opening expert reports.

2. Plantiffs' motion is DENIED as to Topic Nos. 1-6 to Unither and Topic No. 1 to NYMC.

Dated:   June 28, 2006

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

6

**5:03-cv-5090 Notice will be electronically mailed to:**

Richard H. An rhan@jonesday.com

Daniel J. Bergeson dbergeson@be-law.com, abarnes@be-law.com

Karen I. Boyd boyd@fr.com, lopez@fr.com

Juanita R. Brooks brooks@fr.com, njohnson@fr.com

James W. Dabney dabnejam@ffhsj.com,

Dina Grinshpun grinshpun@fr.com,

Hway-Ling Hsu hhsu@be-law.com, gsimmons@be-law.com

Stephen S. Rabinowitz rabinst@ffhsj.com, dabnejam@ffhsj.com; palmeda@ffhsj.com; distran@ffhsj.com; nymanattdept@ffhsj.com; millesc@ffhsj.com; eisenra@ffhsj.com

Stephen Dane Rockwell srockwell@be-law.com

Limin Zheng zheng@fr.com, horsley@fr.com

**5:03-cv-5878 Notice will be electronically mailed to:**

Richard H. An rhan@jonesday.com

Daniel J. Bergeson dbergeson@be-law.com, abarnes@be-law.com

Karen I. Boyd boyd@fr.com, lopez@fr.com

Juanita R. Brooks brooks@fr.com, njohnson@fr.com

James W. Dabney dabnejam@ffhsj.com,

Dina Grinshpun grinshpun@fr.com,

Hway-Ling Hsu hhsu@be-law.com, gsimmons@be-law.com

Stephen S. Rabinowitz rabinst@ffhsj.com, dabnejam@ffhsj.com; palmeda@ffhsj.com; distran@ffhsj.com; nymanattdept@ffhsj.com; millesc@ffhsj.com; eisenra@ffhsj.com

Limin Zheng zheng@fr.com, horsley@fr.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.